# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| *Fidelity and Deposit Company of Maryland*,<br><br>       Plaintiff<br><br>v.<br><br>*Big Town Mechanical, LLC, Travelers Casualty and Surety Company of America, Does I–X, and Roe Defendants I–X*,<br><br>       Defendants | Case No.: 2:13-cv-380-JAD-GWF<br><br>**Order Denying Motion to Consolidate** |

This case arises out of campus-modernization construction at five elementary schools in Clark County School District (CCSD) that defendant Big Town Mechanical contracted to perform and for which plaintiff Fidelity and defendant Travelers agreed to act as sureties. Fidelity moves to consolidate this case with *Clark County School District v. Travelers Casualty and Surety Company*, 2:13-cv-1100-JCM-PAL, which is currently before District Judge James Mahan.[1] Travelers opposes consolidation.[2] Because I find that the differences between these cases and the drawbacks to their joinder counsel against consolidation, I deny the motion.[3]

---

[1] Doc. 50. There is no motion to consolidate in the case before Judge Mahan.

[2] Doc. 51. Travelers is represented by different counsel in this case and in the case before Judge Mahan. Counsel for Travelers in the case before Judge Mahan filed a joinder, as an interested party, to the opposition to consolidation. *See* Doc. 57.

[3] The court finds this motion appropriate for resolution without oral argument. LR 78-2.

1

**Discussion**

Federal Rule of Civil Procedure 42(a) governs the consolidation of separate actions. When two cases "involve a common question of law or fact," district courts may join them for any or all matters at issue, consolidate the suits, or issue any other order that would prevent unnecessary cost or delay.[4] The threshold question is whether the cases involve common questions of law or fact.[5] If common questions exist, the court must balance the savings of time and effort that consolidation will yield against any inconvenience, delay, confusion, or prejudice that may result.[6] Under Rule 42(a), consolidation is committed to the district court's discretion.

The cases before Judge Mahan (the *CCSD* case) and before me (the *Fidelity* case) arise out of the same series of construction projects in the CCSD. Fifteen elementary schools are in the *CCSD* case; five are in this suit. But the differences between cases run deeper than a campus count. First, the cases involve different parties. FAST Systems, who subcontracted to Big Town, and Big Town are parties in the suit before me. Neither one is a party before Judge Mahan. This necessarily creates differences in the factual issues that each suit raises.

Second, as Fidelty concedes in its reply brief, "the facts and issues in the [*Fidelity*] case are indeed more limited than in the *CCSD* case."[7] In this case, the issues essentially boil down to whether Big Town and Travelers must reimburse Fidelity, given that Fidelity allegedly paid out on surety bonds when FAST defaulted on its obligations under the subcontract.[8] In *CCSD*, the school district argues that Big Town defaulted on 15 projects, first by failure to perform, then by filing for

---

[4] Fed. R. Civ. P. 42(a).

[5] Fed. R. Civ. P. 42(a).

[6] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

[7] Doc. 55 at 3 (emphases added and removed).

[8] *See generally* Doc. 1. The factual and legal summaries of complaints in the *Fidelity* and *CCSD* cases, which I provide in analyzing the motion to consolidate, are for purposes of this order only.

2

1 Chapter 7 bankruptcy protection.[9] That complaint further alleges that Travelers' delays and
2 breaches contributed to Big Town's default. And the school district's potential remedies include not
3 only monetary relief but specific performance of completion of air-conditioning systems and repair
4 of leaking roofs.

5      While Fidelity argues that its discovery process may be streamlined by consolidation,
6 because the scope of discovery in the two cases does not perfectly overlap, consolidation would
7 increase the discovery burdens on the parties in this case. Thus, Fidelity fails to carry its burden to
8 show that common issues of law or fact would make consolidation the best approach to saving time
9 and money in this case.

10      Fidelity also fails to persuade me that there is a significant potential for inconsistent results if
11 these cases are tried separately. For example, Fidelity urges that two fact finders could reach
12 different outcomes on issues including "whether CCSD's allegations against Travelers involve
13 FAST's scope of work" and "whether FAST and/or [Fidelity] completed FAST's scopes of work."[10]
14 But neither CCSD's claims against Travelers nor Travelers's counterclaims against CCSD contain
15 any mention of FAST.[11] Fidelity's argument on conflicting outcomes is therefore a theoretical one,
16 unsupported by the present record. Given the differences in legal and factual issues raised before
17 Judge Mahan and me, I do not find that consolidation is warranted.

18 . . .
19 . . .
20 . . .

---

[9] *See generally* Doc. 9 in 13-cv-1100.

[10] *See* Doc. 50 at 9 (discussing hypothetical different conclusions); *see also* Doc. 55 at 6 (discussing hypothetical different conclusion).

[11] *See* Doc. 9 in 13-cv-1100; *see also* Doc. 34 in 13-cv-1100.

3

**Conclusion**

Accordingly, it is hereby ORDERED that Fidelity and Deposit Company's motion for consolidation **[Doc. 50] is DENIED**.

DATED January 8, 2015.

_____
Jennifer A. Dorsey
United States District Judge

4