**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>     Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, et al.<br><br>     Defendants | Case No. 2:13-cv-00380-JAD-GWF<br><br>**ORDER**<br><br>**Re:  Motion to Compel (ECF No. 168)** |

This matter is before the Court on Plaintiff's Motion to Compel Travelers to Produce Documents Previously Withheld as Privileged (ECF No. 168), filed on April 14, 2017.  Defendant Travelers filed its Opposition (ECF No. 203) on April 28, 2017.  Plaintiff filed its Reply (ECF No. 208) on May 5, 2017.  The Court conducted a hearing in this matter on May 22, 2017.

## **BACKGROUND**

Plaintiff Fidelity and Deposit Company ("Fidelity") filed its complaint against Big Town Mechanical, LLC ("Big Town") and Travelers Casualty and Surety Company ("Travelers") on March 6, 2013.  *Complaint* (ECF No. 1).  Fidelity alleged that in 2010 Big Town contracted with the Clark County School District to complete heating, ventilation and air conditioning (HVAC) and school modernization projects at five elementary schools.  *Id.* at ¶ 6.  Travelers issued performance and labor and material bonds for the projects on behalf of Big Town as principal.  *Id.* at ¶ 7.  Big Town subcontracted a portion of the work to F.A.S.T. Systems, Inc. (FAST).  Fidelity issued performance and payment bonds on behalf of FAST.  FAST subsequently defaulted on its subcontract(s).  Fidelity arranged for the

completion of its work and made payments in excess of the $75,000 limits on each of the five bonds it issued. Fidelity demanded that Big Town provide an accounting of the balance due on the FAST subcontract(s) and pay the balance to Fidelity. Big Town allegedly failed to provide an accounting or pay over the remaining balance on the FAST subcontract(s). *Id.* at ¶ 9–39. Fidelity therefore seeks recovery of the balances due under the subcontracts from Travelers. Travelers filed an amended answer and counterclaim against Fidelity in July 2014 in which it alleged that FAST's work was not complete and did not comply with the plans and specifications. Travelers alleges that it was required to pay in excess of $1,000,000 to repair and replace defective work performed by FAST and to complete its work on the project. *Counterclaim* (ECF No. 47). Travelers alleges that it was entitled to apply set offs against the balances due under the FAST subcontracts and recover additional damages from Fidelity based on FAST's defective and incomplete performance. *Id.* at ¶ 20.

The initial discovery plan and scheduling order was entered on May 24, 2013. *Order* (ECF No. 13). The Court thereafter granted numerous extensions of the discovery and other scheduling deadlines. On September 27, 2016, the parties filed their eighth stipulation and order to extend discovery and related deadlines. *Stipulation* (ECF No. 126). The parties stated that they desired to proceed to mediation. They also stated that their respective document disclosures exceeded 825,234 pages, which they were still in the process of organizing, reviewing and analyzing. *Id.* at pgs. 3-4. They further stated that "[t]he litigation has already resulted in the production of more than 1,523,223 pages of construction related documents from third parties in response to subpoenas." *Id.* at pg. 8. The Court granted the extension of discovery and other pretrial deadlines on October 17, 2016. *Minutes of Proceedings* (ECF No. 132). The parties thereafter participated in a mediation conference on February 2, 2017, which was unsuccessful.

Prior to the mediation, the parties apparently conducted discovery in a cooperative manner as evidenced by their numerous stipulations to extend the discovery period and the absence of disputed discovery motions. From November 2013 until approximately the end of October 2016, Travelers was represented by an attorney in the law firm of Booth, Mitchell & Strange LLP who then left the firm. On November 1, 2016, attorney Greg Smith was granted permission to practice in this case and he has been Travelers' primary counsel since that time. Prior to March 16, 2017, Fidelity was represented by the

Faux Law Group.  On that date, attorneys with the law firm of Kolesar & Latham entered their appearances as counsel for Fidelity.  Since the unsuccessful mediation and the association of new counsel for Fidelity, the parties' relationship has become substantially more contentious.  Fidelity has filed three motions for partial summary judgment, a motion to serve additional interrogatories, a motion to take 55 depositions and a motion for sanctions based on Travelers' alleged spoliation of evidence.  Travelers, in turn, has filed a motion to dismiss one of Fidelity's causes of action.

Presently before the Court is Fidelity's motion to compel production of previously withheld documents based on Travelers' failure to assert proper objections or timely serve a privilege log.  On December 3, 2013, Travelers served responses to Fidelity's first set of requests for production.  *Motion* (ECF No. 168), Exhibit 1.  In response to Request No. 1 and other requests, Travelers stated that it had offered to make available to Fidelity "all documents that are not privileged, and will produce all non-privileged documents responsive to this request . . . ."  *Id.* at pg. 2.  Travelers objected to  Requests Nos. 6, 7, 10, 11, and 12 on the grounds that they seek "materials that may be privileged and confidential under either the attorney work product and/or attorney client privileges."  *Id.*  On April 1, 2015, Travelers served responses to Fidelity's second set of requests for production.  Requests Nos. 23, 24, 25, 26, 27, and 38 requested "all Communications and Documents" regarding Travelers' alleged claims or damages.  Travelers objected to these requests on the grounds that they seek "information that may be privileged pursuant to the attorney work product/client privileges."  *Motion* (ECF No. 168), *Exhibit 1.* Without waiving its objections, Travelers stated that it would produce all non privileged communications and documents responsive to the requests.  *Id.*  On November 8, 2016, Travelers responded to Fidelity's fourth set of requests for production.  *Motion* (ECF No. 168), *Exhibit 1.* Travelers objected to Request Nos. 47 and 48 on the grounds that they seek information that may be privileged either under the attorney client and/or work product privileges.

Fidelity's new counsel sent Travelers' counsel a letter on March 16, 2017 regarding its document production.  *Motion* (ECF No. 168), *Exhibit 3.*  Fidelity's counsel asserted that Travelers' privilege objections to Fidelity's requests for production were not proper and that a party who withholds documents on the basis of the attorney-client privilege or work product doctrine must provide a privilege log that complies with Fed.R.Civ.Pro. 26(b)(5) or the privilege is waived.  *Id.* at pgs. 2-3.  Following a

conference on April 6, 2017, Travelers' counsel produced a partial privilege log on April 7, 2017. *Id.* at *Exhibit 5*. Fidelity argues, however, that Travelers has already waived the attorney-client privilege and work product doctrine by failing to assert proper objections in its responses and in failing to timely provide a privilege log.

Travelers stated in its opposition that the March 16, 2017 letter was Fidelity's first complaint to Travelers about its privilege objections. *Opposition* (ECF No. 203), pg. 3. Fidelity attached to its reply a letter that prior counsel sent to Travelers counsel on January 28, 2015 which raised the issue of Travelers' privilege objections. *Reply* (ECF No. 208), *Exhibit 1*. In that letter, Fidelity's counsel stated that Travelers had a duty to supplement its Rule 26(a) disclosures since it was now alleging a claim for damages in its counterclaim. Fidelity also took issue with the adequacy of Travelers's answers to interrogatories and responses to requests for production of documents. *Id.* at pgs. 1-2. The letter also stated:

> Similarly, the responding party to a request for production of documents must produce them "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request". (FRCP 34 (b)(E).) In that regard, your client's responses were deficient. Also the responses to both interrogatories and the requests for production of documents appear to assert privileges, yet no privilege logs were produced.

*Id.* at pg. 2.

Travelers' counsel responded by letter on February 4, 2015. *Reply* (ECF No. 208), *Exhibit 2.* His letter addressed Fidelity's request for supplementation of Travelers' Rule 26(a) disclosures and the manner in which Travelers was producing documents, but did not address Travelers' failure to provide a privilege log.[1] There is no evidence that the parties' counsel communicated further regarding Traveler's privilege objections or the failure to serve a privilege log until Fidelity's counsel sent his March 16, 2017 letter.

## DISCUSSION

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure states that "[w]hen a party withholds

---

[1]Travelers' current counsel stated at the May 22, 2017 hearing that he was unaware of this exchange of correspondence when he filed Travelers' opposition. The Court accepts that representation.

4

information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Compliance with Rule 26(b)(5)(A) may be accomplished by providing a privilege log, although it may be necessary to supplement the privilege log with affidavits or declarations if the basis for the claim of privilege cannot be adequately assessed from the privilege log. *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D.Ill. 2013); *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 699 (D.Nev. 1994); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 637 (D. Nev. 2013) (citing *SEC v. Beacon Hill Asset Mgmt., LLC*, 231 F.R.D. 134 (S.D.N.Y 2004)).

In *Burlington Nort. & Sante Fe Ry. v. Dist. Court, MT*, 408 F.3d 1142,1149 (9th Cir. 2005), the Ninth Circuit held that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. The court, however, rejected a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit. The 30–day period should, instead, be used as a default guideline. In assessing whether privilege objections are sufficient and timely, the court should consider the following factors: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); (2) the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline is sufficient); (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and discovery process. The court recognized that "in discovery-intensive litigation, compiling a privilege log within 30 days can be exceedingly difficult even for counsel who are sophisticated, experienced, well-funded, and acting in good faith." *Id.* at 1149, fn. 3. The need for additional time to respond, however, can be handled through appropriate stipulations for

extension of time or, if need be, through application to the court for a protective order. *Id.*

The defendant in *Burlington* failed to serve a privilege log until five months after the responses were due. The court stated that this period of delay was sufficient reason, alone, to uphold the district court's order that the defendant waived its privilege objections. The fact that defendant was a sophisticated litigant and a repeat player in the type of litigation at issue also supported the district court's decision, as did the fact that many of the same documents were previously produced in a prior lawsuit. The court also noted that the privilege logs that defendant did eventually serve were insufficient or inaccurate. *Burlington*, 408 F.3d at 1049-50.

It is beyond dispute that Travelers' privilege objections were mere boilerplate. In response to several requests, Travelers did not actually expressly claim the attorney-client privilege or work product doctrine, but stated only that it had made available or would produce "all non privileged documents responsive to this request." Where it did object, it do so "on the ground that this request seeks materials that may be privileged and confidential under either the work product and/or attorney client privileges." Needless to say, these statements did not provide any information about the withheld documents that would enable Fidelity or the Court to assess the validity of the claims of privilege. The first *Burlington* factor therefore supports a finding of waiver.

There is no assertion that Travelers' initial responses and objections to the requests for production were untimely. Travelers, however, never provided a privilege log to support its objections until after it received Fidelity's March 16, 2017 meet and confer letter. The period of delay from the date that Travelers served its objections to Fidelity's first set of requests for production until it received Fidelity's March 16, 2017 letter was 3 years and 3 months. The period of delay with respect to Travelers' responses to the second set of requests for production was just under 2 years (April 1, 2015 to March 16, 2017). The period of delay with respect to Travelers' responses to the third set of requests for production was 4 months.

Courts have declined to find waiver involving a delay of several months where extenuating circumstances were present. In *Carl Zeiss Vison Intern. GMBH v. Signet Armorlite Inc.*, 2009 WL 4642388 (S.D.Cal. Dec. 1, 2009), the plaintiff timely served a privilege log, but failed to clearly identify certain "clearance opinions" in the privilege log until more than nine months after the court ordered the

parties to provide privilege logs. In declining to find waiver, the court cited cases that have taken a permissive stance on deficient privilege logs. *Id.* at \*4 (citing *U.S. v. Union Pac. R. Co.*, 2007 WL 1500551 (E.D.Cal. May 23, 2007) and *Humphreys v. Regents of the Univ. of Cal.*, 2006 WL 1409336 (N.D.Cal. May 23, 2006)). The courts found that the objecting parties in those cases made a good faith effort to provide a privilege log which justified a finding that the privileges had not been waived. In *Best Buy Stores, L.P. v. Manteca Lifestyle Center*, 2011 WL 2433655, at \*8 (E.D.Cal. June 14, 2011), the court declined to find waiver where the defendant relied on an informal understanding that the parties would exchange privilege logs at the end of the rolling production of documents.

In this case, Travelers has not pointed to any similar circumstances that would support a finding of non-waiver. Travelers did not serve any form of privilege log until April 2017. Nor did it state in its objections to the requests for production that it would provide a privilege log within a specified time frame or even within a reasonable time. There is no evidence that Travelers's counsel began preparing privilege logs, or intended to prepare them, but then became sidetracked by other tasks in the case. Travelers also failed to address the statement in Fidelity's attorney's January 28, 2015 letter that it had not produced privilege logs to support its objections. Travelers may have been lulled into complacency by Fidelity's subsequent failure to demand privilege logs prior to March 16, 2017. This, however, is not a legitimate excuse for not producing a privilege log. The second *Burlington* factor therefore also favors a finding of waiver.

As evidenced by the parties' September 27, 2016 stipulation, the magnitude of the document production in this case has been substantial. This factor would weigh in favor of a finding of non-waiver if the periods of delay had not been so lengthy, and if there was some evidence that Travelers had taken steps prior to March 16, 2017 to prepare and serve privilege logs, or had sought an agreement with Fidelity respecting the time for production of logs. Other particular circumstances in this case do not, on balance, weigh against a finding of waiver. Travelers and its counsel are experienced participants in this type of litigation and should be familiar with the requirements for organizing and producing documents in construction contract-surety disputes, and in asserting proper privilege objections and timely serving sufficient privilege logs.

Travelers argues that Fidelity has not been prejudiced by its failure to provide timely privilege

7

logs. Prejudice to the party requesting production of documents or information is not expressly listed as a factor in *Burlington.* It is, however, arguably implicit in the court's direction that the factors "be applied in the context of a holistic reasonableness analysis." *Burlington,* 408 F.3d at 1149. In this case, Travelers has attempted late in discovery to commence production of a lengthy privilege log. *See Motion* (ECF No. 168), *Exhibit 5.* Fidelity has pointed out certain deficiencies or inadequacies in Travelers' preliminary privilege log. If Travelers is permitted at this late point to assert privilege objections which it failed to previously set forth in timely privilege logs, substantial additional delay is likely to occur in a case that is already more than four years old. Therefore, to the extent that prejudice is a consideration under *Burlington,* it does not weigh in Travelers' favor.

The Court will not award expenses against Travelers under Rule 37(a)(5)(A). Although Travelers waived its privileges, it had a reasonable basis to argue that the *Burlington* factors should be resolved in its favor. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Travelers to Produce Documents Previously Withheld as Privileged (ECF No. 168) is **granted**. Defendant Travelers shall produce documents responsive to Fidelity's document requests, that were previously withheld on grounds of privilege, within thirty (30) days of the filing of this order unless an objection to the order is filed.

DATED this 31st day of May, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge

8