# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, a Maryland corporation,

        Plaintiff,

vs.

BIG TOWN MECHANICAL, LLC, etc., *et al.*,

        Defendants.

Case No. 2:13-cv-00380-JAD-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF No. 172), filed on April 17, 2017. Defendant Travelers Casualty and Surety Company of America ("Travelers") filed its Response (ECF No. 204) on May 1, 2017. Plaintiff filed its Reply (ECF No. 214) on May 10, 2017. The Court conducted a hearing in this matter on May 22, 2017.

## BACKGROUND

This matter arises out of Plaintiff Fidelity and Deposit Company of Maryland's ("Fidelity") allegations that in 2010, Defendant Big Town Mechanical, LLC ("Big Town") contracted with the Clark County School District to complete heating, ventilation and air conditioning (HVAC) and school modernization projects at the following five elementary schools: Mark Kahre Elementary School, Nate Mack Elementary School, Edyth and Lloyd Katz Elementary School, Robert Lunt Elementary School, and Andrew Mitchell Elementary School. *See Complaint* (ECF No. 1), ¶ 6. Travelers issued performance and labor and material bonds for the projects on behalf of Big Town as principal. *Id.* at ¶ 7. In August of 2010, Big Town subcontracted a portion of the work to First Alarm Security Technologies ("FAST") and Fidelity issued performance and payment bonds on

behalf of FAST. Subsequently, FAST failed to perform under the subcontract(s) and defaulted.

Fidelity arranged to complete FAST's scope of the work pursuant to its obligations under the bonds. Fidelity hired Perini as a completion contractor. *See Travelers' Opposition* (ECF No. 204), pg. 3. Perini hired Fisk Electric Company who hired Third-Party Defendant ControlCo to perform the work. *Id.* On August 17, 2012, FAST filed for Chapter 7 bankruptcy. *See Plaintiff's Motion* (ECF No. 172), pg. 5. On May 14, 2013, Big Town also filed for Chapter 7 bankruptcy. *Id.* On March 6, 2013, Fidelity filed its complaint alleging a bond claim against Travelers as well as accounting, breach of contract, declaratory relief, and equitable subrogation causes of action. ECF No. 1.

On February 7, 2014, Travelers sent correspondence to Fidelity stating as follows:

> Travelers has entered into a completion contract with Sletten Construction of Nevada, Inc. to complete the Project, including the FAST scope of work that was not completed by F&D. Accordingly, Travelers, as assignee of Big Town, hereby demands that F&D complete FAST's scope of work on the Project. Please advise when F&D will mobilize to complete the FAST scope of work so we can put them in contact with the appropriate person for proceeding with the work to complete the Project.

*See Travelers' Opposition* (ECF No. 204), Exhibit 1.

On April 1, 2014, Travelers' MEP Consulting, LLC expert, Joey Fickling, advised Travelers that the HVAC controllers did not meet specifications and that replacing them would allow for complete operational programming to be achieved and would rectify communication and operational issues. *Id.* at Exhibit 2, pg. 35. On April 3, 2014, Travelers' counsel sent correspondence to Fidelity attaching its expert's April 1, 2014 report and stated that "both CCSD and Travelers have verified that the Honeywell Spyder Spoke Controller and Johnson Controls MS-FEC2611-0 Controllers installed by FAST and/or F&D do not comply with project specifications and must be removed and replaced with compliant controllers." *Id.* at pgs 20, 23, 26, 29. On April 17, 2014, Travelers informed Fidelity that new controllers for Mitchell E.S. arrived and that it intended to proceed with installation of the new controllers soon. *Id.* at Exhibit 3.

On April 18, 2014, Fidelity informed Travelers that it disagreed and objected to the installation of new controllers as systems were functioning appropriately at other CCSD schools. Fidelity demanded the right to inspect, review, and observe the controllers. *Plaintiff's Motion*

(ECF No. 172), Exhibit 15, pg. 3. Travelers instructed Fidelity to contact Tom Tomeo of Benchmark Consulting Services, LLC who was coordinating the installation of the new controllers. *Id.* at pg. 2. On April 21, 2014, Mr. Tomeo wrote David Watkins of Perini to advise him that he intended to notify him prior to Sletten's installation of the controllers to allow Mr. Watkins time to arrange for the appropriate representative to be present to observe the installation. *See Travelers' Opposition, Declaration of Tom Tomeo* (ECF No. 204-3), pg. 3. On April 22, 2014, Travelers contacted Fidelity confirming that Mr. Tomeo and Mr. Watkins were working together to allow a representative to observe the removal and replacement of the controllers. *Plaintiff's Motion* (ECF No. 172), Exhibit 16.

On April 23, 2014, Mr. Tomeo informed Mr. Watkins that Travelers tentatively planned to begin removal and replacement of the controllers at Mitchell E.S. on May 5, 2014 until May 23, 2014. *Travelers' Opposition, Declaration of Tom Tomeo* (ECF No. 204-3), pg. 4. From April 24, 2014 to May 8, 2014, Mr. Tomeo and Mr. Watkins communicated regarding meetings, the work schedule, and protocol of the controller removal and replacement project. *Id.* at pgs 3-6. On May 8, 2014, controller removal and replacement began and Mr. Tomeo confirmed that Fisk Electric Company's representative was onsite observing the removal. *Id.* at Exhibit 18. On June 2, 2014, Fidelity's counsel requested that Travelers preserve the controllers. *Travelers' Opposition, Declaration of Hughes* (ECF No. 204-2), pg. 4. Travelers instructed Mr. Tomeo to label, retain, and store the removed controllers. *Id.* Sletten removed and replaced the controllers at Mitchell E.S. in May 2014 and at Kahre E.S. and Katz E.S. in June of 2014. *Plaintiff's Motion* (ECF No. 172), Exhibit 18.

On June 13, 2014, Travelers filed a Motion to Amend/Correct Answer (ECF No. 32) to add an additional affirmative defense and to file a counterclaim. On July 15, 2014, the Court granted the motion. *See* ECF No. 44. On July 10, 2014, Fidelity filed its emergency motion to compel the inspection and testing of equipment at Lunt E.S. and Mack E.S. prior to its scheduled destruction commencing on July 14, 2014. ECF No. 40. On July 11, 2014, the Court granted Fidelity's motion to compel. *See* ECF No. 43. On July 18, 2014, Travelers filed its Amended Answer (ECF No. 26) and Counterclaim alleging declaratory relief, reimbursement, equitable subrogation, performance

bond, and payment bond claims against Fidelity for the recovery of damages incurred completing FAST's scope of the work. *See* ECF No. 47. Travelers alleges that when the projects were abandoned in May 2012, the HVAC systems did not work properly and were not in compliance with the projects' plans. *See Travelers' Opposition* (ECF No. 204), pg. 3.

Fidelity argues that the removal and replacement of the controllers at Mitchell E.S., Kahre E.S., and Katz E.S. constituted spoliation of evidence. *Plaintiff's Motion* (ECF No. 172), pg. 10. Fidelity contends that Travelers first informed it of the plan to remove and replace the controllers at Mitchell E.S. on April 17, 2014 and that Travelers only afforded it the opportunity to observe the replacement of controllers on short notice, but did not offer it the right to inspect the controllers prior to removal. *Id.* at pg. 6-7. Fidelity requests that the Court sanction Travelers by dismissing its Counterclaim as to Kahre E.S. , Katz E.S., and Mitchell E.S. or, in the alternative, order a rebuttable presumption or adverse inference against Travelers. *Id.* at pg. 15.

Travelers argues that it provided sufficient notice to Fidelity of its intention to remove and replace the HVAC controllers and that Fidelity failed to test the controllers despite having ample time to do so. *See Travelers' Opposition* (ECF No. 204), pg. 13. Travelers states that Fidelity was first notified of the need to remove and replace the controllers on April 1, 2014 and again on April 3, 2014. *Id.* at 12. Travelers further argues that Fidelity waived any claim to spoliation because Travelers addressed Fidelity's request to preserve the controllers. *Id.* at 13-15.

## **DISCUSSION**

A party has a duty to preserve evidence that it knows or should know is relevant to a claim or defense of any party in the litigation. The duty to preserve evidence arises prior to litigation when the person knows that litigation is probable. *In re Napster Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1068 (N.D.Cal. 2006) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *LaJocies v. City of North Las Vegas*, 2011 WL 1630331, *1 (D.Nev. 2011). "[I]f relevant evidence has been shown to exist, and if the possessor of that evidence was on notice that the evidence was potentially relevant to litigation which was reasonably foreseeable, and if that

party failed to take reasonable steps to preserve it, sanctions may be imposed upon that party." *Fernandez v. Centric*, 2014 WL 2042148, at *4 (D. Nev. May 16, 2014).

"A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence [.]" *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011). The moving party has the burden "to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to its cause." *United States v. Town of Colorado City, Ariz.*, 2014 WL 3724232, at *7 (D. Ariz. July 28, 2014). The absence of evidence must be prejudicial to the party alleging spoliation of evidence. *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 627 (C.D. Cal. 2013).

A spoliation remedy requires some degree of culpability. *In re Napster*, 462 F.Supp.2d 1060, 1067 (N.D.Cal.2006). Yet "Courts have not been uniform in defining the level of culpability—be it negligence, gross negligence, willfulness, or bad faith—that is required before sanctions are appropriate for evidence destruction." *Reinsdorf*, 296 F.R.D. at 627 (citing *Ashton v. Knight Transp., Inc.*, 772 F.Supp.2d 772, 800 (N.D.Tex.2011)). In the Ninth Circuit, bad faith is not required to warrant an imposition of sanctions. *Reinsdorf*, 296 F.R.D. at 627. A party's motive or degree of fault is, however, relevant to what sanction, if any, is imposed. *Id.* For example, the Ninth Circuit has held that "[o]nly willfulness, bad faith, and fault" justify terminating sanctions and courts in this circuit have found that an adverse inference instruction may be warranted where evidence destruction was willful or grossly negligent. *Id.* Further, many courts in this circuit have instructed that "the culpable state of mind includes negligence." *Id.* at 628. *See also FTC v. Lights of America Inc.*, 2012 WL 695008 at *2 (C.D.Cal. Jan. 20, 2012); *Housing Rights Center v. Sterling*, 2005 WL 3320739 at *8 (C.D.Cal. Mar. 2, 2005); *Cottle–Banks v. Cox Communications, Inc.*, 2013 WL 2244333 at *14 (S.D.Cal. May 21, 2013); *Aguirre v. Home Depot U.S.A., Inc.*, 2012 WL 3639074 at *3 (E.D.Cal. Aug. 23, 2012).

As work on the HVAC systems continued during the litigation of this matter, Travelers informed Fidelity on April 1, 2014 and April 3, 2014 that the controllers must be removed and replaced. Mr. Tomeo on behalf of Benchmark Consulting Services for Travelers informed Mr. Watkins of Perini on April 23, 2014 when removal was tentatively scheduled to begin on May 5, 2014 and did actually begin on May 8, 2015. Based on the record, it appears that Travelers gave Fidelity sufficient opportunity to arrange for an inspection of the controllers prior to their removal and replacement. Fidelity's failure to obtain inspection or testing was not caused by the fault of Travelers. Nor did Travelers act negligently or with wrongful intent. The Court, therefore, denies Plaintiff's request for spoliation of evidence sanctions. Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF No. 172) is **denied**.

DATED this 22nd day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge