UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Fidelity & Deposit Company of Maryland, a Maryland corporation,<br><br>Plaintiff<br><br>v.<br><br>Big Town Mechanical, LLC, a Nevada limited liability company; et al.,<br><br>Defendants | 2:13-cv-00380-JAD-GWF<br><br>**Order re: Privilege Logs**<br><br>[ECF Nos. 230, 249, 264, 294] |

This case arises out of campus-modernization construction at five elementary schools in Clark County School District (CCSD) that defendant Big Town Mechanical contracted to perform and for which plaintiff Fidelity and Deposit Company of Maryland and defendant Travelers Casualty and Surety Company agreed to act as sureties. The long history of this case has seen multiple discovery extensions, changes of counsel, and rising tensions. Some of Travelers' responses to Fidelity's 2013–2016 discovery requests were met with the objection that the materials sought were protected by the attorney-client or work-product privileges, but Travelers failed to provide a privilege log until April 2017.

Fidelity moved to compel the production of the documents that Travelers has withheld for privilege, arguing that Travelers waived the privilege by failing to provide the privilege log that FRCP 26(b)(5) requires.[1] Magistrate Judge Foley granted the motion.[2] Travelers objects, newly arguing that there was a gentlemen's agreement between counsel that documents and logs would be produced on an informal schedule, and it would be unfair to strip Travelers of its most important

---

[1] ECF No. 168.

[2] ECF No. 227.

privilege.[3] Fidelity denies there was any such agreement and argues that, even if there were, Travelers' johnny-come-lately argument does not render the magistrate judge's ruling clearly erroneous.[4] I agree, so I overrule the objection[5] and give Travelers 15 days to produce the withheld documents.

## Discussion

**A.  Preliminary issues**

Before I reach the merits of Travelers' objection, I must resolve two briefing-related motions.  Although Local Rule IB 3-1(a), which governs the briefing schedule for challenges to magistrate judges' discovery orders, states that "[r]eplies will be allowed only with leave of the court," Travelers filed one without leave.[6] Fidelity moves to strike this rogue brief.[7] Travelers responds that it felt that Magistrate Judge Foley's statement in his order's conclusion that "Travelers shall produce documents . . . within thirty (30) days of the filing of this order unless an objection to the order is filed"[8] was an "invitation" to object that implied that the briefing process would be governed by Local Rule 7-2, which applies generally to all motions and permits a reply brief.

Travelers' argument is ridiculous.  Magistrate Judge Foley's closing sentence

---

[3] ECF No. 230.

[4] ECF No. 242.

[5] Likely because it relies (erroneously) on LR IB 3-2 instead of applicable LR IB 3-1, *see infra* at p. 5, Travelers captions its challenge to Magistrate Judge Foley's order as an "objection" instead of a motion for reconsideration.  Although I refer to this challenge as Travelers' "objection" to avoid confusion, I review and treat it as the motion for reconsideration under LR IB 3-1(a) and 28 U.S.C. § 636(b)(1)(A) that it is.

[6] ECF No. 247.

[7] ECF No. 249.

[8] ECF No. 227 at 8.

2

was just a recognition that the challenged documents would not have to be disclosed while proper objections were pending. It was not a secret signal to Travelers that a totally different set of rules would apply.[9] This discovery order is plainly governed by LR IB 3-1(a) and its reply prohibition. Because Travelers has not demonstrated any basis to permit its reply, I find that it was filed in violation of LR IB 3-1(a). I thus grant Fidelity's motion in part—I disregard Travelers' reply brief.

Fidelity followed up its motion to strike with a separate motion to permit it to "introduce supplemental evidence in response to" Travelers' rogue reply brief.[10] The request is conditioned on me accepting Travelers' reply brief. Because I am disregarding that brief, I deny Fidelity's motion to supplement as moot. With these preliminary matters out of the way, I now turn to Travelers' objection to Magistrate Judge Foley's order compelling Travelers to produce its privilege-withheld documents.

### B. Travelers' objection to the magistrate judge's discovery order

A magistrate judge's discovery order may be modified or set aside if it is "clearly erroneous or contrary to law." Factual determinations are reviewed for clear error, and legal conclusions are reviewed to determine whether they are contrary to law. The clear-error standard allows the court to overturn a magistrate judge's factual determinations only if the court reaches a "definite and firm conviction that a mistake has been committed."[11]

All parties agree that this privilege-log issue is governed by *Burlington*

---

[9] Indeed, in its objection, Travelers argues the "clearly erroneous or contrary to law" standard, which is the standard of review under LR IB 3-1(a) and FRCP 72(a) (nondispositive matters). *See* ECF No. 230 at 5.

[10] ECF No. 264.

[11] *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

3

*Northern & Santa Fe Railway Co. v. United States District Court*,[12] which Judge Foley faithfully applied.[13] Travelers just disagrees with the conclusions that the magistrate judge reached when he applied the *Burlington* factors to the facts of this case, particularly in light of its fresh theory that the reason why the logs weren't produced was that counsel had verbally agreed to "open-ended timing to produce the required privilege logs of documents not produced when [the] review of them was entirely completed."[14]

I am not persuaded that I should consider this belatedly disclosed discovery pact. To explain away its failure to alert the Magistrate Judge of this key verbal agreement, Travelers argues that it didn't "have an opportunity to reach out to" prior counsel "or learn about the verbal agreement regarding discovery prior to filing its Opposition Brief" because it was only alerted to the fact that Fidelity was relying on 2015 communications by Fidelity's reply brief.[15] "Further, Local Rule IB 3-2(b) allows for consideration of additional evidence in these objections."[16]

But the hearing on this motion happened nearly three weeks after the reply brief was filed, and Magistrate Judge Foley took the motion under submission for another nine days before issuing his ruling.[17] If the reply brief, in fact, triggered the light-bulb moment that sent Travelers' current counsel seeking out the details

---

[12] *Burlington No. & Santa Fe Railway Co. v. U.S. Dist. Ct.*, 408 F.3d 1142 (9th Cir. 2005).

[13] *See* ECF No. 227.

[14] ECF No. 230-2 at 3, ¶ 6.

[15] ECF No. 230 at 3, n.1.

[16] *Id.*

[17] *See* reply filed on 5/5/17 [ECF No. 208], minutes of 5/22/17 hearing [ECF No. 224], and 5/31/17 order [ECF No. 227].

of this secret agreement from previous counsel Sean T. Osborn, Esq.,[18] it had ample time to ferret out those details before the magistrate judge ruled.

And Travelers' reliance on LR IB 3-2 is misplaced. That rule governs district-court review of a magistrate judge's findings and recommendations on a matter "that may not be finally determined by a United States Magistrate Judge."[19] Discovery orders do not fall into this category. They are pretrial matters, and magistrate judges have the authority to enter them under 28 U.S.C. § 636(b)(1)(A).[20] The rules for review of magistrate-judge orders issued under 28 U.S.C. § 636(b)(1)(A) are found in LR IB 3-<u>1</u>, not LR IB 3-<u>2</u>. And LR IB 3-1 does not authorize the district judge to "receive further evidence" in reviewing discovery orders like this one. Travelers' newly revealed, undocumented, verbal agreement between counsel to relax the discovery rules is thus not a proper subject of this challenge.

Even if I were to accept Travelers' belated and controverted assertion that there was such an agreement, I still cannot conclude that the magistrate judge's ruling was clearly erroneous or contrary to law. Magistrate Judge Foley considered

---

[18] This presumes the veracity of Travelers' claim that "It was not until [Fidelity's] Reply Brief . . . that" it realized that Mr. Osborn's history with the case may be relevant because Fidelity's motion "was focused on discovery-related communications in 2017 after Mr. Osborn had already left the firm." ECF No. 230 at 3, n.1. But Travelers' explanation is suspect. In its opposition to the motion to compel, Travelers stressed that Osborn's departure from the case "contributed to its tardiness in serving privilege logs." ECF No. 203 at 3–4. So Travelers was plainly aware from the motion itself that Osborn's conduct was central to this dispute. Confirming Osborne's understanding of the discovery history should have been the first step in Travelers' response plan.

[19] LR IB 3-2. *See also* 28 U.S.C. § 636(b)(1)(B).

[20] *See, e.g., Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); *Rockwell Int'l Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).

5

1 each of the *Burlington* factors and methodically applied them to the facts
2 established by the record in this case. His discussion paints a clear picture: Over
3 the course of several years, Travelers responded to Fidelity's document requests
4 with boilerplate objections that offered nothing to help Fidelity assess the validity of
5 Travelers' privilege claims; it ignored a January 2015 letter complaining about the
6 lack of a privilege log, and it waited until April 2017—more than four years into the
7 case and more than three years after making its first privilege objection to Fidelity's
8 document requests—to produce any form of privilege log, even though FRCP
9 26(b)(5) required one. Based on this clear picture, Magistrate Judge Foley
10 concluded that the *Burlington* factors weigh in favor of deeming Travelers' privilege
11 waived, and he ordered Travelers to produce the withheld documents.[21]

12 I find that this ruling is not clearly erroneous or contrary to law because it is
13 consistent with *Burlington* and supported by the facts of this case. The *Burlington*
14 court stressed that the waiver analysis is "intended to forestall needless waste of
15 time and resources, as well as tactical manipulation of the rules and the discovery
16 process."[22] To adopt Travelers' position that "the relevant principles of law support
17 a lesser sanction than the wholesale waiver" of the attorney-client privilege[23] would
18 give short shrift to this stated intention behind *Burlington*'s test. Travelers' actions
19 have needlessly delayed the discovery process in this already-too-lengthy litigation.
20 Allowing Travelers—"a sophisticated corporate litigant and repeat player"[24] in
21 coverage lawsuits—to shield its documents from production on nothing but
22 boilerplate objections followed years later by a privilege log that will likely require

---

[21] ECF No. 227.

[22] *Burlington*, 408 F.3d at 1149.

[23] ECF No. 230 at 6.

[24] *Burlington*, 408 F.3d at 1149.

6

further litigation would not be "holsitic[ally] reasonable[]."[25] So I overrule Travelers' objection, deny its request for reconsideration, and adopt and affirm Magistrate Judge Foley's order. Travelers has 15 days to produce its previously withheld documents.

C. Motion for Reconsideration of Order Striking Motion For Summary Judgment

There is one final matter that I now address: Fidelity's motion to reconsider my October 18, 2017, minute order striking its fifth motion for partial summary judgment.[26] In striking that motion, I relied on the dispositive-motion deadline in the scheduling order,[27] overlooking the magistrate judge's October 3, 2017, stay of that deadline.[28] I thank Fidelity for pointing out this oversight, and I grant its motion to vacate my October 18, 2017, minute order because it was entered in error.

In doing so, however, I caution Fidelity and its counsel that the first and only way to alert the court to an error in its analysis is by motion, not by emailing court

---

[25] *Id.* I might be more sympathetic to Travelers' argument if it did not employ the same day-late-dollar-short approach to the briefing of this issue as it did to the protection of its attorney-client privilege. Travelers waited until the magistrate judge issued his ruling to trot out its undocumented-agreement argument, *see* discussion *supra* at pp. 4–5, just like it waited until the motion to compel to produce its privilege log. Travelers' cries of prejudice are also muffled by the reality that it could have prevented this result. If, indeed, counsel for these sophisticated corporate litigants had an agreement not to hold each other to the rules of discovery, Travelers' counsel could have easily reduced that deal to a stipulation or applied for a protective order or even just sent a confirming letter. *See id.* at 1149, n.3 (suggesting methods to foster the goals of the privilege-log rule in "discovery-intensive litigation").

[26] ECF No. 293.

[27] ECF No. 192.

[28] ECF No. 285.

staff and asking "whether [I] will vacate" an order.[29] Local Rule IA 7-1(b) expressly prohibits emailed or letter requests for relief: "All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties." In the future, should a party or its counsel believe that relief is necessary, that request must be made by motion, not by email or some other informal communication.

## Conclusion

Accordingly, IT IS HEREBY ORDERED THAT:

- Travelers' objection seeking reconsideration of the privilege-log order **[ECF No. 230] is OVERRULED** and reconsideration is denied. The Magistrate Judge's ORDER regarding the privilege logs **[ECF No. 227] is AFFIRMED and ADOPTED**, and **Travelers has 15 days to produce the documents that were previously withheld on grounds of privilege**;
- The motion to strike **[ECF No. 249] is GRANTED** in part; I disregard Travelers' reply [ECF No. 247] because it was filed without leave of court;
- Fidelity's motion to supplement **[ECF No. 264] is DENIED** as moot;
- Fidelity's motion for reconsideration of my 10/18/17 minute order **[ECF No. 294] is GRANTED. The Clerk of Court is directed to VACATE my minute order at ECF No. 293 and reinstate the filings struck by it [ECF Nos. 287–291]. The parties have 14 days to file proposed scheduling orders regarding the dispositive-motion deadline and joint-pretrial-order deadline.**[30] In light of the extensive dispositive-motion practice that has already occurred in this case, and to streamline the court's ability to address the remaining dispositive

---

[29] ECF No. 294-1 at 2.

[30] *See* ECF No. 285 at 2.

8

issues in this four-year-old case and get this case to trial, **each party will be limited to just one more motion for summary judgment**, and the page limits of LR 7-3 apply.

DATED: October 26, 2017.

_____
U.S. District Judge Jennifer A. Dorsey