```
1                      UNITED STATES DISTRICT COURT
2                           DISTRICT OF NEVADA
3
4  Fidelity and Deposit Company of        2:13-cv-00380-JAD-GWF
   Maryland,
5                                         Order Granting Motion to Dismiss
          Plaintiff                       Sixth Cause of Action With Leave to
6                                                      Amend
7  v.                                     [ECF No. 193]

8  Big Town Mechanical, LLC, and
   Travelers Casualty and Surety
9  Company of America,

10        Defendants
11
12        This contractor-default case involves two tiers of contracts, bonds, sureties,
13 and principals and the consequences that follow when the lower-tier principal
14 defaults. Defendant Travelers Casualty and Surety Company of America moves to
15 dismiss plaintiff Fidelity and Deposit Company of Maryland's sixth cause of action
16 for statutory violations, arguing that Fidelity has not alleged that it is a contractor
17 or standing in a contractor's shoes, so it does not have standing to bring this claim.[1]
18 I find that Fidelity's first-amended complaint fails to allege facts to support its
19 standing to bring this claim and that its claim for violations of NRS 338.400 et seq.
20 is too vague to put Travelers on fair notice of its nature. So I grant the motion to
21 dismiss with leave to amend.[2]
```

---

[1] ECF No. 193.

[2] I find this motion suitable for disposition without oral argument. L.R. 78-1.

## Background[3]

In 2010, Clark County School District (CCSD) contracted with Big Town to install HVAC systems at five elementary schools. The contract required Big Town to take out performance-and-labor and material-payment bonds for the installation at each school. Big Town obtained performance and payment bonds from Travelers, and Big Town became the principal and CCSD the obligee. In the event that Big Town defaulted on its obligation under the contract, Travelers would complete Big Town's performance.

Big Town subcontracted with F.A.S.T. Systems, Inc.—a party that is not involved in this coverage-dispute litigation—to work on the HVAC-installation projects at each of the schools. The subcontract required F.A.S.T. to take out performance-and-labor and material-payment bonds, just as Big Town had done for CCSD. F.A.S.T. obtained performance and payment bonds from Fidelity, and F.A.S.T. became the principal and Big Town the obligee. In the event that F.A.S.T. defaulted on its obligation, Fidelity would complete F.A.S.T.'s performance.

F.A.S.T. defaulted on the project at all five schools, so Fidelity hired Perini Building Company—another party that is not involved in this litigation—to complete the projects and made payments to Big Town in excess of $75,000 under each of the five bonds. Fidelity now sues Travelers and Big Town for, among other things, violating NRS §§ 624.624 (Nevada's statute governing payment of lower-tiered subcontractors) and 338.400 et seq. (Nevada's rules for progress payments on public-works contracts) because they did not pay Fidelity the remaining contract funds or give Fidelity written justifications for withholding the payments. Travelers argues that Fidelity has not pled enough facts to show that it has

---

[3] At this motion-to-dismiss stage, I take all well-pled facts as true and consider them in the light most favorable to the plaintiff, so I generally cite to Fidelity's first-amended complaint and motion for leave to amend for this background section. *See* ECF Nos. 147, 163. This is not intended to result in any finding of fact.

standing to bring this sixth cause of action and that its sweeping allegation that Travelers violated NRS § 338.400 et seq. does not give Travelers adequate notice of which law or laws it violated. I agree, so I dismiss this claim with leave to amend.

## Discussion

### A. Motion-to-dismiss standard

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[4] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[5] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[6] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[7]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[8] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[9] Second, the

---

[4] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[5] *Twombly*, 550 U.S. at 570.

[6] *Iqbal*, 556 U.S. at 678.

[7] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[8] *Iqbal*, 556 U.S. at 678–79.

[9] *Id.*

court must consider whether the well-pled factual allegations state a plausible claim for relief.[10] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[11] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[12]

### B. Statutory-violations claim

Fidelity claims that Travelers and Big Town violated NRS §§ 624.624 and 338.400[13] et seq. by "failing to respond to [Fidelity]'s requests for payment of the remaining contract funds, and specifically by failing to give written notice to [Fidelity] of any objections to [Fidelity]'s request and to provide written justifications for any withholdings."[14] Travelers argues that §§ 624.624 and 338.400 et seq. provide rights and protections to contractors and that Fidelity fails to allege that it is a contractor within the meaning of the statutes.

Fidelity responds that it is a contractor under the statutory definition, but it doesn't need to be a contractor on its own because it stands in the subcontractor's (F.A.S.T.'s) shoes when asserting its statutory-violations claims. Without disputing Fidelity's *ability* to stand in a contractor's shoes, Travelers simply argues that Fidelity did not adequately allege in its statutory-violations claim that it *is* standing

---

[10] *Id.* at 679.

[11] *Id.*

[12] *Twombly*, 550 U.S. at 570.

[13] The first-amended complaint actually refers to § 338.4**4**0, but an errata was filed, clarifying § 338.400 as the intended statute. *See* ECF No. 206.

[14] ECF No. 163 at 14.

4

in a contractor's shoes.[15] Fidelity counters that it alleged in ¶ 56 of the first-amended complaint that it "completed the FAST subcontracts and is therefore *also 'in the shoes'* of FAST" and then incorporated that allegation into its statutory-violations claim in ¶ 72.[16]

Fidelity materially overstates its own allegation. Fidelity's complete ¶ 56 allegation reads: "Fidelity completed the FAST subcontracts and is therefore also 'in the shoes' of FAST *in making its bond claim*."[17] Even though Fidelity incorporates ¶ 56 through ¶ 72 into its statutory-violations claim, ¶ 56 expressly limits Fidelity's derivative-standing allegation to its bond claim. So placing that limited-standing allegation into its statutory-violations claim does not result in Fidelity pleading in-the-shoes standing for this statutory-violations claim. If Fidelity cures this problem, it can state—sufficiently to clear the low hurdle of an FRCP 12(b)(6) motion—a claim for violating NRS § 624.624.[18]

The portion of Fidelity's sixth claim for relief that alleges a violation of NRS § 338.400 et seq. suffers from one additional problem: by broadly alleging a violation of this entire remainder of the chapter, Fidelity has not put Travelers on fair notice of the legal theory underlying this part of its claim. This section contains numerous provisions that the claim could possibly be based on. By failing to identify the specific section or sections, Fidelity has left Travelers unable to evaluate whether Fidelity's allegations state a violation of the provision or provisions that Fidelity has in mind. Accordingly, to the extent that Fidelity brings this claim to allege a

---

[15] ECF No. 193 at 8.

[16] ECF No. 212 at 7 (emphasis in ECF No. 212 but not in first-amended complaint).

[17] ECF No. 163 at 12, ¶ 56 (emphasis added).

[18] I need not, so I do not, hold that this surety also qualifies as a "contractor" under NRS § 624.020 because I find that Fidelity intended to achieve standing based on F.A.S.T.'s status, not its own.

5

violation of some provisions of NRS § 338.400 et seq., it fails to state such a claim.

I thus grant Travelers' motion to dismiss. But because I am not yet convinced that Fidelity cannot cure these deficiencies, I do so without prejudice and with leave to amend.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Travelers' motion to dismiss Fidelity's sixth cause of action **[ECF No. 193] is GRANTED**. Fidelity has until **November 13, 2017,** to file an amended complaint if it can plead enough true facts to cure the deficiencies outlined in this order. The scope of leave is limited to this sixth claim for relief and the deficiencies I have identified in this order—no other amendment is permitted. If Fidelity fails to file a second-amended complaint before this deadline, then this action will proceed without Fidelity's statutory-violations claim.

DATED: November 2, 2017.

_____
Jennifer A. Dorsey
United States District Judge