# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Fidelity and Deposit Company of Maryland, | 2:13-cv-00380-JAD-GWF |
| Plaintiff | **Order Denying Motion for Partial Summary Judgment re: Unilateral Attorney's-Fees Provision** |
| v. | [ECF No. 151] |
| Big Town Mechanical, LLC, and Travelers Casualty and Surety Company of America, | |
| Defendants | |

This contractor-default case involves two tiers of contracts, bonds, sureties, and principals and the consequences that follow when the lower-tier principal defaults. In 2010, the Clark County School District (CCSD) contracted with defendant Big Town Mechanical to install HVAC systems at five elementary schools. The contract required Big Town to take out performance-and-labor and material-payment bonds for the installation at each school. Big Town obtained performance and payment bonds from co-defendant Travelers Casualty and Surety Company of America, and Big Town became the principal and CCSD the obligee. In the event that Big Town defaulted on its obligation under the contract, Travelers would complete Big Town's performance.

Big Town subcontracted with F.A.S.T. Systems, Inc.—a party that is not involved in this coverage-dispute litigation—to work on the HVAC-installation projects at each of the schools. The subcontract required F.A.S.T. to take out performance-and-labor and material-payment bonds, just as Big Town had done for CCSD. The Big Town-F.A.S.T. subcontract provides that: "[FAST] shall be finally and conclusively bound by the final decision reached by the trier-of-fact in any such arbitration or litigation, and the trier-of-fact is authorized to award to Big Town

such sums as the trier-of-fact shall deem proper to compensate Big Town for its claims or damages, including reasonable attorney fees, professional fees, and costs expended."[1] And the subcontract expressly protects Big Town from any potential liability to F.A.S.T. for "special, indirect, incidental, exemplary or consequential damages of any kind."[2] F.A.S.T. obtained performance and payment bonds from plaintiff Fidelity and Deposit Company of Maryland, and F.A.S.T. became the principal and Big Town the obligee. In the event that F.A.S.T. defaulted on its obligation, Fidelity would complete F.A.S.T.'s performance.

F.A.S.T. and Big Town both defaulted, so Fidelity and Travelers succeeded to the rights and liabilities of their respective principals.[3] The Big Town-F.A.S.T. subcontract therefore allowed Travelers to recover attorney's fees from Fidelity and expressly prevented Fidelity from recovering attorney's fees from Travelers. Fidelity asks me to declare the unilateral attorney's-fees provision void for lack of mutuality of obligation.[4] Fidelity seems to confuse the contract principles of mutuality of obligation and mutuality of remedy. And because Nevada enforces unilateral attorney's-fees provisions, I deny the motion.

### Discussion

As an initial matter, Fidelity's confusingly titled motion seeks "PARTIAL SUMMARY JUDGMENT AS TO DECLARATORY RELIEF SOUGHT [as to

---

[1] *See* ECF No. 151 at 5; ECF No. 151-1 at 10 (Jurisdiction and Dispute Resolution provision); ECF No. 151-2 at 10 (same); ECF No. 151-3 at 10 (same); ECF No. 151-4 at 10 (same); ECF No. 151-5 at 10 (same).

[2] *Id.*

[3] ECF No. 151 at 4.

[4] *Id.* at 8.

Travelers' ability to recover attorney's fees pursuant to contract]."[5]  It is unclear which standard—summary judgment or declaratory judgment—applies, but Fidelity applies a summary-judgment standard,[6] and Travelers does not dispute it.[7]  It is also unclear whether Fidelity wants judgment on its own declaratory-relief claim[8] or on Travelers' declaratory-relief counterclaim.[9]  Neither claim mentions Travelers' ability or inability to recover attorney's fees under the subcontract, and Fidelity's prayer for relief does not request the declaration that it asks for in this motion.  I construe Fidelity's prayer "[f]or such other and further relief as this Court deems just and proper"[10] to broadly include this declaration, and I address the issue on the merits.

## A.    Partial-summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[11]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[12]  If reasonable minds could differ on material

---

[5] ECF No. 151 (the title of the motion is quoted exactly as it appears in the caption including the capital lettering and bracketed information).

[6] *Id.* at 6.

[7] ECF No. 155 at 5.

[8] *See* ECF No. 163 at 12–13.

[9] *See* ECF No. 47 at 6.

[10] ECF No. 163 at 15, ¶ 7.

[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[12] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[13]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[14] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[15] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[16] Because the purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses,"[17] the court's ability to grant summary judgment on certain issues or elements—a partial grant of summary judgment—is inherent in Rule 56(a).

## B.  Validity of the unilateral attorney's fees provision

Fidelity argues that the Big Town-F.A.S.T. subcontract lacks the mutuality of obligation required of all contracts because it allows Big Town (and Travelers) to recover attorney's fees but not F.A.S.T. (or Fidelity).  Fidelity conflates mutuality of

---

[13] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[15] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[16] Fed. R. Civ. P. 56(c); *Orr*, 285 F.3d at 773–74.

[17] *Celotex,* 477 U.S. at 323–24.

obligation with mutuality of *remedy*.  Regardless, neither concept entitles Fidelity
to the declaratory relief that it requests.

### 1. *Mutuality of obligation*

"Mutuality of obligation requires that unless both parties to a contract are
bound, neither is bound."[18]  Simply put, "mutuality of obligation" is synonymous
with "consideration," so a contract that lacks "mutuality of obligation" fails for
"want of consideration."[19]  "To constitute consideration, a performance or return
promise must be bargained for.  A performance or return promise is bargained for if
it is sought by the promisor in exchange for his promise and is given by the
promisee in exchange for that promise."[20]  "Consideration may be any benefit
conferred or any detriment suffered."[21]  And "courts do not generally inquire into
the adequacy of consideration because the values exchanged are often difficult to
measure and the parties are thought to be better at evaluating the circumstances of
particular transactions."[22]

---

[18] *Sala & Ruthe Realty, Inc. v. Campbell*, 515 P.2d 394, 396 (Nev. 1973).

[19] *See Mohr Park Manor, Inc. v. Mohr*, 424 P.2d 101, 105 (Nev. 1967); *see also
Mitchell v. O'Neale*, 4 Nev. 504, 515 (1869) ("[T]he contract or agreement was
entirely without mutuality, founded upon no consideration and hence entirely
void.").

[20] *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984) (quoting Restatement (Second) of
Contracts § 71(1), (2) (1982)).

[21] *Gray v. Wells Fargo Home Mortg., Inc.*, 2014 WL 504605, at *1 (Nev. Jan. 21,
2014) (quoting *Nyberg v. Kirby*, 188 P.2d 1006, 1010 (Nev. 1948)).

[22] *Oh v. Wilson*, 910 P.2d 276, 279 (Nev. 1996) (referencing the Restatement); *see
also* Restatement (Second) of Contracts § 79 cmt c. (1981) ("Exchange of unequal
values[:] . . . Gross inadequacy of consideration may be relevant to issues of
capacity, fraud and the like, but the requirement of consideration is not a safeguard
against imprudent and improvident contracts except in cases where it appears that
there is no bargain in fact."); *Gray*, 2014 WL 504605, at *1 (quoting *Nyberg*, 188
P.2d at 1010 ("[T]he law will not enter into an inquiry as to [consideration's]

Fidelity attempts to stretch these contract principles to require mutuality of individual contract terms,[23] but in so doing fundamentally misapplies contract law. It argues that "[t]he presence of adequate consideration may cure the lack of mutuality of obligation" where a contract includes a unilateral attorney's-fees provision, and "Big Town did not provide any additional consideration in the Subcontracts to remedy this one-sided provision."[24] Mutuality of obligation applies only to contract formation and not to individual-provision equality. And this adequate-consideration-may-cure rule that Fidelity takes out of context applies only to option contracts and unilateral right-to-rescind provisions.[25]

In an option contract, one party, "in return for valuable consideration, agrees with another [party] that the latter may" agree to an underlying contract "within a specified time upon expressed terms and conditions."[26] An "option contract is distinct from the contract which is the underlying agreement and it must stand or fall on its own merits."[27] Once the parties agree to an option contract, the offeror is obligated to leave the underlying-contract offer open to the offeree for the duration of the option contract; the offeree has no *obligation* to accept the underlying-contract offer but has the *option* to accept it. The option contract therefore lacks

---

adequacy."); Wilson *v. Bristol West Ins. Group*, 2009 WL 3105602, at *4–5 (D. Nev. Sep. 21, 2009).

[23] *See* ECF No. 151, at 7.

[24] *Id.* at 7–8.

[25] *Sala*, 515 P.2d at 396 ("This is not a case where a party had the unconditional and unilateral right to rescind a contract at his pleasure so that the lack of mutuality of obligation might be cured by the presence of adequate consideration."); *Serpa*, 810 P.2d at 781 (A "lack of mutuality of obligation in an option contract may be cured by the presence of consideration.").

[26] *Mohr*, 424 P.2d at 111.

[27] *Id.*

mutuality of obligation but maintains validity because the offeree gave consideration to leave the option open for a specified time. Unilateral right-to-rescind provisions are analogous to option contracts. The party with the right may rescind the contract within a specified period of time at its option, but it has no obligation to do so, and the other party is bound regardless. The Big Town-F.A.S.T. subcontract was not an option contract, and there was no unilateral right-to-rescind provision in the subcontract, so Fidelity's argument misses the mark.

And there is no legitimate dispute that the Big Town-F.A.S.T. subcontract was supported by consideration from each party. Big Town promised to pay F.A.S.T. to complete various assignments associated with the HVAC-installation projects, and F.A.S.T. promised to complete the assignments in exchange for payment.[28] It's not for me to decide whether the terms and conditions included in the agreement were "fair" or "equal." The bottom line is that Big Town and F.A.S.T. were both obligated to perform under the subcontract (subject of course to any excuse-of-performance defenses), so the contract does not lack mutuality of obligation. Whether the parties were both obligated (or not) to pay attorney's fees is of no import to the unilateral attorney's-fees provision's validity.

### 2. Mutuality of remedy

The bulk of Fidelity's motion references "mutuality of obligation." But Fidelity basically argues that because it can't recover attorney's fees, Travelers shouldn't be able to either, and Fidelity supports that argument with authority from other states that convert—by statute—unilateral attorney's-fees provisions

---

[28] *See, e.g.*, ECF No. 151-1 at 13–14. This exhibit is the subcontract for one of the five elementary schools. Although the prices and specific assignments vary from school to school, the five subcontracts are fundamentally the same: money for services.

into bilateral ones.[29]  Most notable is Fidelity's citation to *Reynolds Metals Co. v. Alperson*, in which the California Supreme Court discussed that "[California Civil Code] Section 1717 was enacted to establish *mutuality of remedy* where a contractual provision makes recovery of attorney's fees available for one party . . . and to prevent oppressive use of one-sided attorney's fees provisions."[30]  So it seems as though Fidelity is actually suggesting that the subcontract lacks mutuality of *remedy* rather than mutuality of *obligation*.

Mutuality of remedy is an archaic contract principle with so many exceptions that its validity today is questionable.[31]  Traditionally, mutuality of remedy applied only to the equitable remedy of specific performance, and it required, as a condition of seeking specific performance, that both parties be susceptible to specific performance.[32]  For example, a contract for personal services would lack mutuality of remedy because a court cannot compel specific performance of personal services even though it can compel specific performance of payment for those services.

Mutuality of remedy does not affect the validity of a contract or its terms; it

---

[29] *See* ECF No. 151 at 7; *Best Western Intern. Inc. v. Mahroom*, 2008 WL 2116917, at *2 (D. Ariz. May 20, 2008) (converting unilateral provisions into bilateral provisions based on ARIZ. REV. STAT. ANN. § 12-341.01 (1999)); *Johnson v. CitiMortgage, Inc.*, 2013 WL 6632108, at *9 (W.D. Wash. Dec. 17, 2013) (converting unilateral into bilateral based on WASH. REV. CODE § 4.84.330 (2011)); *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 128 (1979) (converting unilateral into bilateral based on CAL. CIV. CODE § 1717 (West 1968)).

[30] *Reynolds*, 25 Cal. 3d at 128 (emphasis added).

[31] *See Harmon v. Tanner Motor Tours of Nev., Limited*, 377 P.2d 622, 629 (Nev. 1963).

[32] *See Turley v. Thomas*, 101 P. 568, 574–78 (Nev. 1909) (quoting Pomeroy on Contracts "The mutuality of the equitable remedy, on the other hand, does not belong to the essence of the contract.  An agreement may be perfect in its obligation upon both the parties, and yet be of such a nature that one of them only could be compelled, by a decree of the court, to specifically perform."  But "the absence of this kind of mutuality does not render the agreement any less obligatory.").

affects the remedies that are available to the parties—specifically, whether specific performance is available.[33] The common-law mutuality-of-remedy rule doesn't require both parties to have *all* of the same remedies available to them, and it has no application when a party does not seek specific performance. The cases cited by Fidelity do not apply the common-law mutuality-of-remedy rule; they apply a statutory mutuality-of-remedy rule that does not exist in Nevada, and I am not persuaded by them.

### 3. *Nevada law allows unilateral attorney's-fees provisions.*

Fidelity cites to Arizona, California, and Washington cases, arguing that Nevada has a "dearth" of case law regarding unilateral attorney's-fees provisions. As Travelers responds, this is simply not true. Nevada law allows unilateral attorney's-fees provisions.[34] In *Rowland v. Lepire*, for example, the Nevada Supreme Court reviewed a contract that allowed Rowland to recover attorney's fees but did not allow the Lepires to recover attorney's fees.[35] The lower court allowed the Lepires to recover attorney's fees, too, "under the theory of mutuality of remedy,"[36] but the Nevada Supreme Court reversed, holding that "[t]here was no factual or legal support for the [lower] court's determination."[37] So the *Rowland* court upheld the express terms of the unilateral attorney's-fees provision.

Fidelity suggests that *Rowland* does not apply because it "did not find the

---

[33] *Id.*

[34] *See Rowland v. Lepire*, 662 P.2d 1332 (Nev. 1983); *Trustees of Carpenters for Southern Nevada Health and Welfare Trust v. Better Bldg. Co.*, 710 P.2d 1379 (Nev. 1985); *Morales v. Aria Resort & Casino, LLC*, 2014 WL 1814278 (D. Nev. May 7, 2014); *Dobron v. Bunch*, 215 P.3d 35 (Nev. 2009) (Pickering, J. and Cherry, J., concurring).

[35] *Rowland*, 662 P.2d at 1336–37.

[36] *Id.* at 1337.

[37] *Id.*

subject attorney's fee provision valid."[38]  This characterization is incorrect.  The *Rowland* court reversed the lower court's holding and held the parties to the express terms of the contract—including the unilateral attorney's-fee provision.  And *Rowland* isn't Nevada's only unilateral attorney's-fees authority.  In *Trustees of Carpenters for Southern Nevada Health and Welfare Trust v. Better Bldg. Co.*, the Nevada Supreme Court refused to construe a unilateral attorney's-fees provision as a bilateral one because NRS § 18.010 expressly enforces unilateral provisions.[39]  The *Trustees* court also explained that "the contract entered into between the parties provided that appellants were entitled to attorney's fees if *they* prevailed, not that such fees were permitted to *the* prevailing party.  We simply cannot construe the statutory language as covering the unilateral provision for fees set forth in the parties' contract."[40]  So, Nevada case law strongly supports freedom of contract, and in Nevada "a contractual provision for the recovery of attorneys' fees will be enforced according to its express terms."[41]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Fidelity's motion for partial

---

[38] ECF No. 151 at 8.

[39] *Trustees*, 710 P.2d at 1382 ("NRS 18.010(2)(c) specifically precludes Better Building from receiving an award of attorney's fees in this case.  NRS 18.010(5) states that subsection 2 does not apply 'to any action arising out of a written instrument or agreement which entitled *the prevailing party* to an award of reasonable attorney's fees.'") (emphasis in the opinion but not in the statute).

[40] *Id.* (emphasis added).

[41] *Morales,* 2014 WL 1814278, at *1.

summary judgment that the unilateral fee provision is null and void **[ECF No. 151]** **is DENIED.**

DATED: November 7, 2017.

_____
Jennifer A. Dorsey
United States District Judge