**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Fidelity and Deposit Company of Maryland, <br><br> Plaintiff <br><br> v. <br><br> Big Town Mechanical, LLC, et al., <br><br> Defendants | 2:13-cv-00380-JAD-GWF <br><br> **Order Denying Motions for Partial Summary Judgment re: Completion at Nate Mack and Andrew Mitchell Elementary Schools** <br><br> [ECF Nos. 160, 199] |

In two essentially identical motions for partial summary judgment, Fidelity and Deposit Company of Maryland asks the court to cap its liability on two schools—Nate Mack and Andrew Mitchell Elementary Schools—at $100,000 each because Clark County School District's (CCSD) architect signed a Certificate of Substantial Completion on these projects stating that, with some notable exceptions, the work on the projects was "substantially complete" and the incomplete or defective work was estimated at just $100,000.[1] Even if I were to accept the legal premise of this argument (which—as Fidelity acknowledges only on the last page of its motion—Nevada has not adopted), genuine issues of fact preclude me from concluding that these certificates of completion absolve Fidelity of anything.

## Background[2]

In 2010, CCSD contracted with Big Town to install HVAC systems at five elementary schools, including Nate Mack and Andrew Mitchell. The contract required Big Town to take out performance-and-labor and material-payment bonds for the installation at each school. Big Town obtained performance and payment bonds from co-defendant Travelers, and Big Town

---

[1] ECF Nos. 160 (Mack ES); 199 (Mitchell ES).

[2] These background facts are taken from Fidelity's essentially identical motions and Travelers' essentially identical oppositions, so I generally cite to ECF Nos. 160 and 213 for this background section.

became the principal and CCSD the obligee. In the event that Big Town defaulted on its obligation under the contract, Travelers agreed to complete Big Town's performance.

Big Town subcontracted with F.A.S.T.—a party that is not involved in this coverage-dispute litigation—"for the installation of the HVAC system controls and controllers, as well as the fire alarm system" at the five schools. The subcontract required F.A.S.T. to take out performance-and-labor and material-payment bonds, just as Big Town had done for CCSD. F.A.S.T. obtained performance and payment bonds from plaintiff Fidelity, and F.A.S.T. became the principal and Big Town the obligee. In the event that F.A.S.T. defaulted on its obligation, Fidelity agreed to complete F.A.S.T.'s performance.

F.A.S.T. defaulted, and Big Town demanded that Fidelity complete F.A.S.T.'s scope of work under its surety-bond obligations. Fidelity hired Perini, Perini hired Fisk Electric Company, and Fisk hired ControlCo to perform F.A.S.T.'s obligations. Fidelity's team performed a substantial amount of work, and in September 2011, CCSD's architect issued a Certificate of Substantial Completion (the "Certificate") for the projects at Nate Mack and Andrew Mitchell. The Certificate was issued on September 1, 2011,[3] before the commissioning process—a process in which Fidelity's team's work would be "tested to verify if it functions according to its design objections or specifications"—Fidelity's team continued to work on the Nate Mack and Andrew Mitchell projects for eight months, and then the Certificate was executed by CCSD on April 25, 2012. Fidelity's team then pulled out of the Nate Mack and Andrew Mitchell projects.

Fidelity now argues that those Certificates capped its liability for those two schools at

---

[3] There is a typo and a mischaracterization in both of Fidelity's motions. In each motion Fidelity says that the Certificate of Substantial Completion was "*Effective* September 1, 201**2**." ECF No. 199 at 7 (emphasis added). But the Certificates themselves show that they were *issued* on September 1, 201**1**, and they did not finally get signed by all three parties until April 25, 2012. ECF Nos. 161-11 (Mack ES); 201-3 (Mitchell ES). Fidelity corrects its mistakes in its replies. *See* ECF No. 220 at 5–6 ("As the Certificate requires the signatures of the architect, contractor, and owner, it did not become a fully operational document until April 25, 2012."). So the certificates were not effective in September 2011, but they were in April 2012.

$100,000 each and that any breach after the Certificates were executed was only a minor breach. Travelers counters that F.A.S.T.'s (and Fidelity's) scope of work was expressly excluded from the Certificates, and even if it was included, the Certificates do not preempt F.A.S.T.'s (or Fidelity's) obligations under the Big Town-F.A.S.T. subcontract. In reply, Fidelity denies that its work was excluded from the Certificates, and contends that those Certificates are binding as liability caps.

**Discussion**

**A.     Partial-summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[5] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[6]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[7] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[8] The court

---

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[5] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[6] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[8] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[9] Because the purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses,"[10] the court's ability to grant summary judgment on certain issues or elements—a partial grant of summary judgment—is inherent in Rule 56(a).

**B.     Genuine issues of material fact exist.**

Fidelity's motions for partial summary judgment rely entirely on the Certificates of Substantial Completion issued for Nate Mack and Andrew Mitchell. Fidelity's argument goes like this: CCSD's architect certified on September 1, 2011, that the Mitchell and Mack Elementary School projects were "substantially complete," and the architect estimated that the value of the "incomplete or defective" work was just $100,000. That Certification should be binding on CCSD and Big Town, capping Fidelity's reimbursement obligation at $100,000 and making any breach after that date a "minor" one.[11]

Put aside that Fidelity concedes on page nine of its argument that "the issuance of a certificate of substantial completion is evidence, although not necessarily conclusive, that substantial completion has been achieved."[12] And the fact that Fidelity offers zero authority for its motions that, after substantial completion is certified, "[a] contractor can still breach the contract, but any breach . . . will by definition only be a minor breach."[13] Fidelity waits until the last page of its motion to mention that "Nevada law has not spoken on" these issues, and argues with a mere string cite and no analysis that this court should find—as "most sensible jurisdictions" do—that "the recitals of the architect" are "binding, absent fraud or the like."[14]

---

[9] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[10] *Celotex,* 477 U.S. at 323–24.

[11] ECF Nos. 160, 199.

[12] *Id.* at 9.

[13] *Id.* at 10.

[14] *Id.* at 16; ECF No. 201-3 at 2.

4

Even if I were persuaded by Fidelity's string citation that Nevada would adopt this rule, it does not help Fidelity here because the certificates of substantial completion it cites to expressly exclude much of F.A.S.T.'s scope of work. Travelers highlights that the Certificates "specifically state[] that security, fire alarm, low voltage controls, clock/intercom and telephone portions of work were not substantially complete at the time of issuance of the Certificate."[15] And Fidelity admits that "FAST's contractual scope of work on the Schools was for certain low voltage electrical work such as fire alarm, building automation systems for the HVAC systems, and other various low-voltage systems."[16] But Fidelity replies that "[w]hile FAST's scope of work included the fire alarm system, CCSD did not take issue with the fire alarm system (or the other exceptions set forth in the Certificate for that matter). Rather, CCSD had a problem with the HVAC system itself."[17] And because CCSD allegedly had no ultimate problems with the exceptions to the Certificates, the Certificates still act as a liability cap.

But Travelers argues that the certificates "refer[] to substantial completion of the Work performed by Big Town under the prime contract. [They do] not refer to completion of the subcontract obligations by the subcontractor, FAST."[18] And Travelers also argues that Fidelity's characterization of F.A.S.T.'s scope of work as "HVAC system controls" is inaccurate because "FAST's scope of work relating to the HVAC Modernization . . . was limited to ancillary low-voltage work, including controllers, and did not include the HVAC mechanical work itself."[19] At a minimum, the disputes over what the certificates covered, what F.A.S.T.'s scope of work was, and whether it was substantially complete or defective create genuine issues of material fact that preclude summary judgment on this issue.

---

[15] ECF No. 213 at 7; *see also* 223 at 7.

[16] ECF Nos. 160 at 12; 199 at 12.

[17] ECF Nos. 220 at 5; 225 at 5.

[18] ECF No. 223 at 8.

[19] *Id.* at 9 (quoting ECF No. 202-1 at 9, ¶ 30 (Watkins Declaration)).

Plus, other language in the Certificates undermines Fidelity's theory that the certificate operates as a liability cap. That language expressly states, "A list of items to be completed or corrected is attached hereto. The failure to include any items on such list does not alter the responsibility of the Contractor to complete all Work in accordance with the Contract Documents."[20] There is no such list attached to the copy of the Certificate provided with the motion. Regardless, the provision makes the point: the Certificate does not, and is not intended to, impact or alter any contractual obligation. So, it is unlikely that these Certificates could preempt the obligations that F.A.S.T. assumed when it agreed to subcontract for Big Town and the obligations that Fidelity assumed when it succeeded to F.A.S.T.'s rights and liabilities.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Fidelity's motions for partial summary judgment re: the Mack and Mitchell Elementary Schools **[ECF Nos. 160 and 199] are DENIED**.

DATED: November 27, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[20] ECF No. 201-3 at 2.