**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Fidelity and Deposit Company of Maryland, | 2:13-cv-00380-JAD-GWF |
| Plaintiff | **Order Overruling Objection; Affirming Magistrate Order; and Denying Motion to Disqualify** |
| v. | |
| Travelers Casualty and Surety Company of America, et al., | [ECF No. 277] |
| Defendants | |

This coverage dispute between two insurance companies derives from a previous case concerning the same underlying facts between the Clark County School District (CCSD) and defendant Travelers Casualty and Surety Company of America.[1] The law firm Kolesar & Leatham (K&L) represented CCSD in that case against Travelers, and now K&L represents Fidelity in this case against Travelers. Travelers moved to disqualify K&L on conflict-of-interests grounds, Magistrate Judge Foley denied the motion, and Travelers objects. After reviewing Judge Foley's order for clear error, I affirm.

**Background**

In 2010, CCSD contracted with Big Town Mechanical, LLC to install HVAC systems at five elementary schools. The contract required Big Town to take out performance-and-labor and material-payment bonds for the installation at each school. Big Town obtained performance and payment bonds from Travelers, and Big Town became the principal and CCSD the obligee. In the event that Big Town defaulted on its obligation under the contract, Travelers would complete Big Town's performance.

Big Town subcontracted with F.A.S.T. Systems, Inc.—a party that is not invovled in this

---

[1] *Clark County Sch. Dist. v. Travelers Cas. & Sur. Co. of Amer.*, case no. 2:13-cv-01100-JCM-PAL, ECF No. 143.

coverage-dispute litigation—to work on the HVAC-installation projects at each of the schools. The subcontract required F.A.S.T. to take out performance-and-labor and material-payments bonds, just as Big Town had done for CCSD. F.A.S.T. obtained performance and payment bonds from Fidelity, and F.A.S.T. became the principal and Big Town the obligee. In the event that F.A.S.T defaulted on its obligation, Fidelity would complete F.A.S.T.'s performance.

F.A.S.T. defaulted on the project at the five schools, so Fidelity hired Perini, who hired Fisk Electric Company, who hired ControlCo to perform F.A.S.T.'s obligations. Fidelity's team was unable to complete the project according to the required specifications, so CCSD held Big Town in default and Travelers had to complete Big Town's performance. After a considerable delay, Travelers and its team of hired contractors and subcontractors finally finished the HVAC-installation projects, but CCSD sued Travelers for damages incurred as a result of the delay, including liquidated delay damages. K&L represented CCSD.

CCSD and Travelers settled the case with Travelers paying CCSD $5 million in damages and CCSD assigning its claims to Travelers. Fidelity sues Travelers in the instant action to collect damages it believes are owed for its work in satisfying the subcontract. K&L represents Fidelity in this case against Travelers.

Travelers moved to disqualify K&L, arguing that K&L's representation of Fidelity is in apparent conflict with its representation of CCSD in the prior case. Magistrate Judge Foley denied the motion, reasoning that Travelers does not have standing under Nevada Rule of Professional Conduct 1.9 to move for disqualification and that none of the non-client exceptions to Rule 1.9 apply here. Travelers objects, and after reviewing that objection and Judge Foley's order, I find that Travelers has failed to demonstrate that Judge Foley committed clear error or issued an order that was contrary to law.

## Discussion

**A.     Standards of review**

   *1.     Reviewing a magistrate judge's final determination*

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is

clearly erroneous or contrary to law."[2] "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate with instructions."[3] "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[4] The magistrate judge's finding must be overturned if, "after reviewing the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."[5]

### 2. *Disqualification standards*

"Disqualification motions present courts with a delicate and sometimes difficult balancing task."[6] "Close cases are resolved in favor of disqualification."[7] But "[p]articularly strict judicial scrutiny should be given to a motion to disqualify opposing counsel because there is a significant possibility of abuse for tactical advantage."[8] "The moving party bears the burden of establishing an ethical violation or other factual predicate upon which the motion depends."[9] "Attorneys admitted to practice before this court must 'adhere to the standards of conduct

---

[2] L.R. IB 3-1(a).

[3] L.R. IB 3-1(b).

[4] *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (citing *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011)).

[5] *United States v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988).

[6] *Kelly v. CSE Safeguard Ins. Co.*, 2010 WL 3613872, at *1 (D. Nev. Sept. 8, 2010) (citing *Brown v. Eighth Judicial Dist. Court ex rel. County of Clark*, 14 P.3d 1266, 1269–70 (Nev. 2000)).

[7] *Id.* (citing *Palmer v. Pioneer Inn Assocs.*, 19 F. Supp. 2d 1157, 1162 (D. Nev. 1998) ("Where disqualification is contemplated, 'any doubt is resolved in favor of disqualification.'") (quoting *Faison v. Thornton*, 863 F. Supp. 1204, 1216 (D. Nev. 1993), *overruled on other grounds*, 338 F.3d 981 (9th Cir. 2003))).

[8] *Id.* (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985)) (internal quotations omitted).

[9] *Id.* (citing *United States v. Walker River Irr. Dist.*, 2006 WL 618823 (D. Nev. Mar. 10, 2006) (citing *Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999))).

3

prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada" except to the extent they are "modified by this court."[10]

### a. Nevada Rule of Professional Conduct 1.9

Rule 1.9 of the Nevada Rules of Professional Conduct precludes a "lawyer who has formerly represented a client in a matter" from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."[11] It also precludes a "lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter" from using "information relating to the representation to the disadvantage of the former client" or revealing "information relating to the representation except[,]" in either instance, "as these Rules would permit or require with respect to a client."[12] The Nevada Supreme Court held in *Nevada Yellow Cab Corp. v. Eight Judicial District Court* that a "party seeking disqualification must establish three elements: (1) that it had an attorney-client relationship with the lawyer, (2) that the former matter and the current matter are substantially related, and (3) that the current representation is adverse to the party seeking disqualification."[13] And "as a general rule, only current and former clients have standing to seek disqualification of counsel due to a conflict of interest."[14]

### b. Non-client exceptions

There are exceptions to that general rule, however. One exception allows a non-client to "seek disqualification[] if but only if the non-client demonstrates an injury that is (a) concrete

---

[10] *Id.* (quoting L.R. IA 10–7(a)).

[11] NEV. R. PROF. CONDUCT 1.9(a).

[12] NEV. R. PROF. CONDUCT 1.9(c)(1)–(2).

[13] *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court ex rel. County of Clark*, 152 P.3d 737, 741 (Nev. 2007).

[14] *Sentry Select Ins. Co. v. Meyer*, 2011 WL 1103333, at *7 (D. Nev. Mar. 23, 2011) (citing *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976)).

and particularized, and (b) actual or imminent, not conjectural or hypothetical."[15] Another exception permits a court to "disqualify an attorney from representing a particular client in order to preserve the integrity of its judgment [and] maintain public confidence in the integrity of the bar."[16]

**B.      Judge Foley's Rule 1.9 application was not clearly erroneous or contrary to law.**

Judge Foley held that "Travelers' motion to disqualify Kolesar & Leatham falters on the first element" of the *Nevada Yellow Cab* test.[17] The first element requires Travelers to show that it has an attorney-client relationship with K&L. But, Travelers can't show that it has a direct attorney-client relationship with K&L because K&L represented CCSD *against* Travelers in the previous case. Instead, Travelers argues that one of the rights assigned to it in the settlement agreement is CCSD's right to disqualify K&L from this case.[18] Although Travelers quotes only the first sentence of the assignment-of-rights provision in its objection,[19] the entire paragraph reads:

> (c)      Assignment. In exchange for and effective ten (10) business days after Travelers' payment to CCSD of the Settlement Payment and retroactive to the Effective Date, CCSD assigns, transfers and conveys to Travelers all of CCSD's rights arising out of or related to the Contracts with BTM, the Projects, the BTM Claims on the Projects, and the Action (as well as all related damages in connection therewith), including but not limited to all direct costs, resultant damages, liquidated damages (including the LDs set forth in Exhibit C), interest and fee claims thereon. The purpose of this assignment is to give Travelers the ownership of and the right to assert any and all claims that CCSD has asserted and/or could have asserted in any ongoing or future dispute/litigation that Travelers is or may eventually be involved in. The Parties' [sic] agree that this assignment does not affect CCSD's ownership of the equipment and renovations that BTM

---

[15] *Id.* (citing *Colyer*, 50 F. Supp. 2d at 971).

[16] *Id.* (quoting *Coles v. Arizona Charlie's*, 973 F. Supp. 971, 973 (D. Nev. 1997)) (internal quotations omitted) (alteration in *Sentry* but not in *Coles*).

[17] ECF No. 266 at 7.

[18] ECF No. 277 at 9.

[19] *Id.* at 12.

installed/performed on the Projects.[20]

Magistrate Judge Foley did not interpret this provision to include an assignment to Travelers of CCSD's right to disqualify K&L, and Travelers fails to show that his conclusion was clearly erroneous or contrary to law. The second sentence of the provision expressly limits the assignment and explains the provision's purpose: to assign CCSD's *claims* for "including but not limited to all direct costs, resultant damages, liquidated damages . . . , interest and fee claims." The right to disqualify K&L is not a claim, so Judge Foley did not commit clear error in concluding that Travelers lacks standing under Rule 1.9 to challenge K&L's participation in this litigation.

Travelers also objects that Judge Foley "erroneously imputed a requirement that TRAVELERS' counterclaim arise from the assignment in order for TRAVELERS to stand in the shoes of CCSD."[21] But because CCSD assigned only its claims to Travelers, Travelers stands in CCSD's shoes only when asserting one of those assigned claims. And as Judge Foley recognized, "Travelers' counterclaim against Fidelity, however, does not arise from the assignment of the School District's rights against FAST or its surety, Fidelity. Travelers' claims arise from the subcontract between Big Town and FAST, and Travelers' and Fidelity's respective rights and obligations as sureties."[22] So Travelers does not stand in CCSD's shoes in this case, and Judge Foley did not commit clear error in so finding.

With the first element of the *Nevada Yellow Cab* test unsatisfied, further inquiry into Rule 1.9's application is unnecessary. But Travelers contends that Judge Foley's "[o]rder does not address the second and third requirements under *Nevada Yellow Cab*," argues that "the presence of these factors is not disputed in the record," and asks me to "reverse the Magistrate's Order and

---

[20] ECF No. 252-2 at 4.

[21] *Id*. at 8.

[22] ECF No. 266 at 8.

grant TRAVELERS [sic] Motion to Disqualify" on that basis.[23] These arguments lack merit.

First, because the *Nevada Yellow Cab* test is an elements-based test—not a factors-based test despite Travelers' characterization—every element must be satisfied. If even one element is absent, the entire test fails, and the remaining elements are inconsequential. Second, Judge Foley did in fact address the second element. He found that: "Kolesar & Leatham did not actually represent Travelers in a substantially related matter."[24] He then cited *Waid v. District Court*[25] for the substantial-relationship test:

> To find that matters are substantially related, the court must (1) make a factual determination concerning the scope of the former representation, (2) evaluate whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters, and (3) determine whether the information is relevant to the issues raised in the present litigation.[26]

So it is clear that the magistrate judge's order did address the second *Yellow Cab* requirement.

Third, Travelers' assertion that the second *Nevada Yellow Cab* element is not disputed in the record is just untrue. Fidelity addressed the substantial-relationship element directly in its opposition:

> F&D does not dispute that the CCSD Litigation and the Instant Litigation are substantially related as far as the *underlying facts*, albeit the latter on a one-third smaller scale than the former (five schools versus 15 schools). The *actual controversies*, however, differ in that the CCSD Litigation concerned only whether Travelers, as surety, breached its duty to CCSD, as obligee, under its general contractor performance bonds issued to Big Town, as principal. FAST's and/or F&D's complicity in Big Town's breach was not at issue in the CCSD Litigation.[27]

Fidelity clearly argues that the issues in this case are not substantially related to the CCSD-

---

[23] ECF No. 277 at 10.

[24] ECF No. 280.

[25] *Waid v. District Court*, 119 P.3d 1219, 1223 (Nev. 2005).

[26] ECF No. 266 at 7 n.2.

[27] ECF No. 257 at 11 (emphasis added).

Travelers case.

Finally, Travelers' position that the cases are substantially related has been adopted only recently. Three years ago, in opposition to Fidelity's motion to consolidate the CCSD-Travelers and Fidelity-Travelers cases, Travelers vehemently argued that the cases were unrelated: "The fact that the five schools above are a subset of the fifteen schools involved in the CCSD CASE appears to be the *only similarity* between the two cases and the springboard from which F&D argues for consolidation. . . . The issues presented in this case are markedly more limited than those presented in the CCSD CASE, and are *unrelated*."[28] I credited Travelers' argument and denied the motion,[29] so Travelers is estopped from arguing that its winning argument was a loser.

Judge Foley applied the correct test and concluded that the first and second elements of that test were unsatisfied, so Travelers does not have standing to move to disqualify K&L under Rule 1.9. Travelers has not shown that Judge Foley's findings and conclusions were clearly erroneous or contrary to law.

**C. Judge Foley's ruling that the non-client exceptions don't apply was not clearly erroneous or contrary to law.**

There are two exceptions to the general rule that allow a non-client to move to disqualify an attorney. Judge Foley concluded that "Kolesar & Leatham's role as counsel for Fidelity in this action, having previously represented the School District in a related action, does not constitute an ethical breach that so infects the litigation that it impacts Traveler's [sic] right or interest in a just and lawful determination of its claims and defenses."[30] He also concluded that disqualification is not required in order to preserve the integrity of the bar.[31] Travelers argues that these conclusions

---

[28] ECF No. 51 at 5 (emphasis added).

[29] ECF No. 59.

[30] ECF No. 266 at 11–12.

[31] *Id.*

8

are not supported by the record, misapply the non-client exceptions, and are clearly erroneous.[32]

This case involves claims arising out of the subcontract between Big Town and F.A.S.T. and their sureties' responsibilities under that subcontract. Although CCSD was the ultimate beneficiary of that subcontract, CCSD is not a party to this litigation, and its interests are not affected by this litigation. The CCSD-Travelers case settled, and the parties stipulated to dismiss it with prejudice.[33] Travelers argues that CCSD employees will likely be witnesses in this case, and Fidelity, through K&L, will likely try to "discredit[] a former client on matters that were the subject of the former representation," so "disqualification is not only justified, but essential."[34] But the discovery period has ended, and no CCSD employees have been deposed, so this seems unlikely.[35] Finally, CCSD is quite aware that K&L represents Fidelity in this case[36]—it has not objected to that representation, and there is no evidence that it wants K&L to disqualify themselves.[37] And the integrity of the bar is not at risk because the two cases are not substantially related, CCSD is not a party with interests at stake, and there is no evidence that CCSD even cares that K&L is representing Fidelity. Travelers thus fails to show that Judge Foley's ruling is clearly erroneous or contrary to law.

---

[32] ECF No. 277 at 11–12.

[33] *Clark County Sch. Dist. v. Travelers Cas. & Sur. Co. of Amer.*, case no. 2:13-cv-01100-JCM-PAL, ECF No. 143.

[34] ECF No. 277 at 14 (quoting *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1162 (E.D. Wash. 2006).

[35] ECF No. 277 at 13 n.1.

[36] ECF No. 266 at 10 ("Although the School District has been placed on notice of this litigation and has twice been requested by Travelers to instruct Kolesar & Leatham to withdraw, the School District has not done so.").

[37] *Id.* at 5–6.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Travelers' objection **[ECF No. 277]** to Magistrate Judge Foley's order denying Kolesar & Leatham's disqualification **[ECF No. 266] is OVERRULED**, and Judge Foley's order **[ECF No. 266] is AFFIRMED**.

DATED: December 19, 2017.

_____
U.S. District Judge Jennifer A. Dorsey